73 F.3d 373
 77 A.F.T.R.2d 96-636
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bryan NIEWALD, Plaintiff--Appellant,
and
Todd Jung, Nancy Jung, Sherri L. MacNaught, Gary J.
Reynolds, John B. MacNaught, Todd Gragg, Chris
Pulley, Stephen Bailey, Lonnie R. Lowman
and Peggy Lowman, Plaintiffs,
v.
INTERNAL REVENUE SERVICE and John Does, 1 through 10,
Defendants--Appellees.
 No. 95-3207.
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court substituting the United States as the sole and proper defendant in this action and granting defendant IRS's motion to dismiss. Pro se appellant Niewald appeals on the grounds that the district court erred in substituting the United States as a defendant and in applying the relevant portions of the Internal Revenue Code to the facts of this case. Defendant United States of America seeks sanctions in the amount of $2,000.00 for bringing a frivolous appeal. We affirm and order defendant to show cause why the motion for sanctions should not be granted.
 
 
 3
 As an initial matter, appellant Niewald attempts to bring this appeal on behalf of himself and several other named appellants. Proceeding pro se as he is, appellant is precluded from representing any others in this appeal. Thus, the appeal proceeds on behalf of appellant Niewald as an individual and not on behalf of any other individuals named in the pro se notice of appeal and opening brief.
 
 
 4
 This case was initially brought against the Collector of Internal Revenue and framed a "complaint" for a refund. We construe the complaint liberally in the case of a pro se plaintiff. The district court was clearly correct in granting the motion to substitute the United States of America as the named defendant in this action. We construe the action to be either a suit for damages arising under I.R.C. 7433 or a suit for a refund of federal income taxes authorized by I.R.C. 7422. Construed either way, the United States of America is the proper party defendant. Section 7422(f)(2) makes clear that the district court was required to allow the complaint to be amended to substitute the United States as the proper party instead of any officer or employee of the United States Government.
 
 
 5
 When the United States of America is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction. National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240 (10th Cir.1989). The taxpayer in this case failed to establish the existence of a waiver of sovereign immunity. In order to show such a waiver the appellant must have exhausted the administrative remedies available to the plaintiff within the Internal Revenue Service. I.R.C. 7433(d)(1). An administrative claim must have been filed in accordance with Treas. Reg. 301.7433-1(e). The taxpayer in this case has made no showing of exhaustion of his administrative remedies. The alleged "codicil," affidavit, and other documents that taxpayer alleges are sufficient administrative claims do not comply with the explicit requirements of the Internal Revenue Code and related Treasury Regulations. The district court therefore correctly determined that it lacked subject matter jurisdiction in this suit where taxpayer has failed to file a timely administrative refund claim with the Internal Revenue Service. We AFFIRM the order of the district court for substantially the reasons given by the district court.
 
 
 6
 Defendant United States of America has filed a motion for sanctions pursuant to 28 U.S.C.1912 and Fed. R.App. P. 38 requesting an order imposing sanctions against this appellant in the amount of $2,000.00 for bringing a frivolous appeal. Appellant is directed to show cause why this motion for sanctions should not be granted. The response to this order to show cause shall be in writing and submitted to this court with copies to the attorneys of record for the United States of America by February 1, 1996. It is so ordered.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3